**2:21-UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TROY G. SAXTON,**

      **Petitioner,**

      v.

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**

      **Defendant.**

:

:

:

**Case No. 2:21-cv-4019
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson**

## **OPINION & ORDER**

This matter is before the Court on Petitioner Troy G. Saxton's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendation (R&R) (ECF No. 13). On July 27, 2021, Petitioner filed a Habeas Petition (ECF No. 1, Petition) raising two grounds for relief. The Magistrate Judge recommends the Court deny the Petition and dismiss the action.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The R&R and the Ohio Tenth District Court of Appeals summarized the factual and procedural background of this case, *State v. Saxton,* 2019 WL 6974455, *1–*3 (Ohio Ct. App. 2019); (R&R, PageID 549–554). The Court incorporates those discussions by reference.

**I.  Petitioner's Objection: Double Jeopardy**

In his first Ground for Relief, Petitioner argues that the state trial court violated his rights under the Double Jeopardy Clause when (1) the court failed to merge his two convictions for possession of cocaine, and (2) failed to merge his two convictions for possession of heroin, which were based on separate amounts of cocaine and heroin seized from his home and business. (Petition, PageID 5.) Petitioner essentially contends he should have only one conviction for possession of cocaine based on the total weight of cocaine seized on the same day from his home and business; and one conviction for possession of heroin based on the total weight of heroin seized from the same. The Magistrate Judge concluded that this ground for relief was barred by procedural default. (R&R, PageID 554.)

**A.  Procedural Default Legal Standard**

"[C]ontentions of federal law which were not resolved on the merits in the state proceeding due to [the] failure to raise them there as required by state procedure" cannot be resolved on the merits in a federal habeas case – that is, they are "procedurally defaulted." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). The failure to timely raise a claim in state court is a common example of procedural

default. *Gibbs v. Huss*, 12 F.4th 544, 550 (6th Cir. 2021). The R&R summarizes the four-part procedural default test applied by courts in the Sixth Circuit:

> First, the court must determine whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. Finally, if the court determines that a state procedural rule was not complied with and the rule has an adequate and independent state ground, then the petitioner may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. [*See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also McNeill v. Bagley*, 10 F.4th 588, 595 (6th Cir. 2021) (citing the four-part *Maupin* standard).]

To establish cause, a petitioner must show that "some objective factor external to the defense" impeded the petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner bears the burden of showing cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citation omitted).

**B. Analysis**

The Court has reviewed *de novo* the Magistrate Judge's procedural default analysis. It agrees that Petitioner's first Ground for Relief is procedurally defaulted and not saved by any cause or prejudice.

In his Objection, Petitioner primarily reiterates the substance of the arguments made in his Traverse (ECF No. 12), which the Magistrate Judge has considered. However, the Court will specifically discuss the thrust of Petitioner's

Objection – that procedural default should be excused for cause and prejudice because of trial counsel's ineffective assistance when counsel did not argue for the merger of the convicted offenses.

To establish ineffective assistance, Petitioner must show that trial counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Magistrate Judge reviewed this claim *de novo* and determined that Petitioner could not satisfy either prong.

As for the prejudice prong, this Court is bound by the state court of appeals decision that the convicted offenses need not have been merged. *See Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013); *see also Delgadillo-Benuelos v. Warden*, 2021 WL 2291316, at *10 (S.D. Ohio June 4, 2021) (Jolson, M.J.) (finding habeas court bound by state court determination that "the charges at issue involve two separate offenses subject to separate penalties under Ohio law in view of the discovery of drugs by police in separate locations at different times"). Because merger was not necessary, Petitioner suffered no prejudice from trial counsel's alleged failure to raise the issue.

Petitioner contends the offenses should have been merged because the Ohio statutes in play were ambiguous, the legislative intent of the statutes was contrary to the state court of appeal's conclusion, and that the rule of lenity ought to apply. (Objs., PageID 574–578.) Petitioner's arguments are without merit. But even if the Court agreed with Petitioner, trial counsel's performance was not deficient.

4

Counsel did not miss the merger issue; while he did not appear to request merger directly, he argued at sentencing that the multiple counts were the result of one investigation that produced evidence found on the same day and most of it in the same place. (R&R, PageID 569.) The *Strickland* Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 687. And to that end, "[c]ounsel need not pursue every possible claim or defense in order to avoid a finding of deficient performance." *Sylvester v. United States*, 868 F.3d 503, 510 (6th Cir. 2017) Trial counsel did more than enough here.

Petitioner has not shown ineffective assistance under *Strickland* and, accordingly, has not established the cause and prejudice necessary to excuse procedural default. Petitioner's Objection is **OVERRULED**. The first Ground for Relief is **DISMISSED**.

## II.     Petitioner's Objection: Ineffective Assistance of Counsel

In his second Ground for Relief, Petitioner asserted ineffective assistance of counsel because trial counsel did not request merger of the convicted offenses. (Petition, PageID 7.) The Magistrate Judge reviewing the claim *de novo* found that counsel was not ineffective and recommends dismissal of this ground for relief.

As discussed above, Petitioner cannot show ineffective assistance of counsel. All issues raised in Petitioner's Objection as to this ground for relief were considered and correctly addressed by the Magistrate Judge in the R&R. The Court has reviewed that analysis and agrees with the Magistrate Judge. Accordingly,

5

Petitioner's Objection is **OVERRULED**. Petitioner's second Ground for Relief is **DISMISSED**.

### III. Certificate of Appealability

Petitioner is denied a certificate of appealability because reasonable jurists would not debate whether his first ground for relief is procedurally defaulted or whether trial counsel was ineffective for failing to request the merger of certain counts. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020). The Court certifies to the Sixth Circuit that any appeal would be objectively frivolous, and therefore Petitioner should not be permitted to proceed *in forma pauperis* on appeal.

### IV. Conclusion

Having considered the Magistrate Judge's R&R *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 13) and **OVERRULES** Petitioner's Objections (ECF No. 14). The Clerk shall enter judgment dismissing the Petition (ECF No. 1) with prejudice.

Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

6